IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIZABETH S. BACA,

    Plaintiff,

    v.                                             CV 12-1107 JCH/GBW

THE COMMUNITY ACTION COMMITTEE OF
SOUTHERN NEW MEXICO *et al*.

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court *sua sponte*. I recommend that the Court dismiss Plaintiff's action under Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's orders.

**I.  BACKGROUND**

On January 15, 2013, the Court issued an order setting a telephonic hearing on Plaintiff's Motion for Leave to File an Amended Complaint and accompanying briefing. *See docs. 10, 15, 16, 17*. The order was electronically mailed to Plaintiff at the address provided in her Complaint and in subsequent filings. *See docs. 1, 18; see also doc. 17* (electronic receipt). The order required the parties to appear by phone on January 28, 2013, at 2:00 p.m. and provided the telephone number for parties to call to connect to the proceedings. At the hearing, Plaintiff Elizabeth Baca did not appear at the appointed time. The Court waited for five minutes and, when Plaintiff failed to appear,

cancelled the hearing.  The Court then issued an order requiring Plaintiff "to show cause why her case should not be dismissed for [her] failure to appear as ordered.  *Doc. 19*.  The Order required a written response by February 12, 2013, and advised Plaintiff that failing to respond would constitute an independent basis for dismissal.  *Id.* at 2.  Plaintiff has failed to respond in the time required and has not, to this date, filed any response.

II.   ANALYSIS

The Court has the authority to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's own order.  *Marshall v. Estep*, 396 F. App'x 564, 565-66 (10th Cir. 2010) (*citing Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir.2007)).  Plaintiff first failed to comply with the Court's order to appear at a hearing on her motion to amend (*doc. 17*) and then further failed to comply with the Court's Order to Show Cause issued January 29, 2013 (*doc. 19*) by failing to respond to the order within fourteen days.  Because Plaintiff has failed to comply with two separate court orders, including one notifying her that failure to comply would result in dismissal (*see doc. 19* at 2), dismissal under Rule 41(b) is appropriate.

Plaintiff's action raises four claims: discrimination under Title VII of the Civil Rights Act (42 U.S.C. § 2000e *et seq.*) ("Title VII"); discrimination under the Age Discrimination in Employment Act of 1968 (29 U.S.C. § 633a) ("ADEA"); and violation of Plaintiff's First and Fourteenth Amendment rights under 42 U.S.C. § 1983.  Although

I recommend that the Court dismiss Plaintiff's action without prejudice, the Title VII and ADEA causes of action will likely be time-barred by the dismissal. The § 1983 causes of action will not be time-barred, and Plaintiff is free to refile her action as to those claims.

  **A.  Dismissal of Plaintiff's Title VII and ADEA claims is an appropriate sanction**

There is some dispute as to whether Plaintiff timely filed her charges of discrimination under Title VII and the ADEA with the Equal Employment Opportunity Commission ("EEOC") in this matter. *See docs. 10, 15, 16; see also Baca v. Bd. of Directors of Cmty. Action Agency of S. N.M.,* Case No. 2:12-cv-00961 (D.N.M. 2012), *doc. 5* (dismissing Plaintiff's earlier suit without prejudice for failure to timely file her EEOC charges). I will assume for the purposes of this Report that Plaintiff did timely file her EEOC charges.

Plaintiff received her "Notice of Suit Rights" from the EEOC on June 16, 2012. *Doc. 10*, Ex. A ¶ 9. Plaintiff was required to file suit as to her Title VII and ADEA claims within ninety days of her receipt of that letter. 42 U.S.C. § 2000e-5(f)(1) (Title VII) 29 U.S.C. § 626(e) (ADEA). Dismissal of Plaintiff's suit at this time would bar Plaintiff from again filing suit on these claims.

The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1236

(10th Cir. 2009).  When considering whether dismissal with prejudice is appropriate, the Court must take into account the following factors:"(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1162 (10th Cir. 2007) (*quoting Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003)). These criteria, derived from *Ehrenhaus v. Reynolds* ("*Ehrenhaus* factors") are meant to serve as guidelines, not a "rigid test." 965 F.2d 915, 921 (10th Cir. 1992).

Applying the *Ehrenhaus* factors, I first find that the Defendants have been prejudiced.  Most obviously, Defendants' attorney appeared at the January 28, 2013, hearing, causing Defendants to incur unnecessary expense in preparing for a hearing that did not take place.  *Doc. 19* at 1.  More importantly, Plaintiff's refusal to comply with the Court's orders has essentially forestalled any decision on Defendants' motion to dismiss.  If, as with her earlier case based on these same facts, this case is subject to dismissal due to the statute of limitations, Defendants are being deprived of an expeditious end to this lawsuit.  *See Baca v. Bd. of Directors of Cmty. Action Agency of S. N.M.*, Case No. 2:12-cv-00961 (D.N.M. 2012).

Undoubtedly, Plaintiff has interfered with the judicial process by ignoring two separate court orders.  Because Plaintiff has previously responded to motion practice in

this case (*see docs. 10, 16*), and provided an e-mail address for notification (*doc. 18*), I assume that Plaintiff received notification of the Court's orders.  Plaintiff is therefore entirely culpable for her lack of response to either order.

Plaintiff was clearly warned that dismissal would be a likely sanction for noncompliance.  First, the Order to Show Cause expressly directed Plaintiff "to show cause why her case should not be dismissed for [her] failure to appear as ordered.  *Doc. 19*.  Thus, Plaintiff was well-advised that the Court was seriously considering dismissal as a sanction.  Moreover, the Order explicitly warned that failure to respond "shall constitute an independent basis for dismissal." *Id*.  Nonetheless, Plaintiff filed no response, timely or otherwise.

Finally, I find that no lesser sanction would be effective.  Plaintiff has willfully failed to comply with two court orders, and in so doing, stopped prosecuting the case she brought to this Court.  Given that Plaintiff simply ignored the Order to Show Cause, it appears any sanction short of dismissal would be similarly ignored.

Therefore, having considered the *Ehrenhaus* factors, I recommend that the Court dismiss Plaintiff's Title VII and ADEA claims.

**B.**     **Dismissal of Plaintiff's Section 1983 Claims is also appropriate**

Plaintiff's alleged injuries occurred on or around May 6, 2011. *Doc. 1* ¶ 22.  The applicable statute of limitations for a § 1983 claim is drawn from the personal-injury statute of the state in which the federal district court sits.  *Wilson v. Garcia*, 471 U.S. 261,

269 (1985). In New Mexico, the personal-injury statute of limitations is three years. *Lymon v. Aramark Corp.*, 728 F. Supp. 2d. 1207, 1218 (D.N.M. 2010) (citing *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)); N.M. Stat. § 37-1-8 (1978). Plaintiff's § 1983 claims, therefore, remain viable even if dismissed at this time. As the Tenth Circuit has noted, "dismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint." *Florence v. Decker*, 153 F. App'x. 478, 480 (10th Cir. 2005). Because it is not an extreme sanction, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious,* 492 F.3d at 1162. Because Plaintiff's § 1983 claims would not be time-barred, dismissal constitutes an appropriate sanction for failure to comply with the Court's orders.

III. **CONCLUSION**

Plaintiff failed to comply with two court orders, including the Court's Order to Show Cause which provided that failure to respond would constitute a basis for dismissal of Plaintiff's action. I recommend that, pursuant to Federal Rule of Civil Procedure 41(b), the Court **DISMISS** Plaintiff's action without prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are**